IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-208-SMY |
| | ) |
| ERIC WILLIAMS, | ) |
| Warden, FCI-Greenville, | ) |
| | ) |
| Respondent. | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Michael L. Robinson, an inmate in the Bureau of Prisons (BOP), filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 to challenge the imposition of disciplinary sanctions against him. Respondent filed a Response to the Petition (Doc. 18), Robinson filed a Reply (Doc. 19). For the following reasons, the Petition will be **DENIED**.

## Background

Robinson was convicted in the Eastern District of Missouri for conspiracy to distribute and intent to distribute marijuana, cocaine, and methamphetamine, and was sentenced to 292 months imprisonment followed by 10 years of supervised release. *See United States v. Robinson*, Case No. 05-cr-294-CEJ (E.D. Mo.) (Doc. 18-2, p. 59). Robinson's projected release date is April 8, 2026.[1]

The disciplinary incident giving rise to this action occurred while Robinson was incarcerated at FCI-Greenville. According to the Incident Report (Doc. 18-2, pp. 67-68), on April

---

[1] According to public information on the BOP website, Robinson is currently scheduled for release on April 8, 2026. Https://www.bop.gov/inmateloc/ (Last visited November 29, 2022).

11, 2019, BOP Religious Services Assistant Carrie Sellers searched Cell 125 in Housing Unit B at FCI-Greenville. Robinson and Inmate Robert Sloat were assigned to this cell. Sellers drafted and signed a memorandum regarding the results of the search that stated as follows:

> "On 4/11/2019, at approximately 10:30 AM, Religious Services Assistant Selers conducted a cell search in Housing United 4B cell 125 belonging to Inmate Robinson, Michael Reg. No. 31932-044 and Sloat, Robert Reg. No. 07294-025. I recovered one (1) full piece of white lined notebook paper with faded blue lines on one side; and the number 125 written 4 times attached to the handle of a small broom in the common area of the cell." (Doc. 18-2, p. 69).

The notebook paper was released to the Special Investigate Services (S.I.S.) Technician J. Serio who tested the paper using a narcotic identification kit (NIK test) and completed the Incident Report, charging Robinson with a violation of Prohibited Act 113 – possession of any narcotics, and noting:

> "On 4/11/2019, at approximately 10:30 AM, Religious Services Assistant C. Sellers conducted a cell search in inmate cell 125. During the search (1) sheet of white paper, soaked in an unidentified substance, was found rolled up and hidden inside the handle of a dust pan located in the common area of cell 125. Cell 125 has (2) inmate occupants, Sloat, Robert, Reg. No. 07294-0125 and Robinson, Michael, Reg. No. 31932-044. The paper, with the unidentified substance was released to the SIS department.
>
> I tested the sticker with NIK test kit A, resulting in a positive test for opium alkaloids (purple color). I proceed to NIK test kit U, resulting in a negative test for methamphetamine (burgundy color). I concluded with NIK test kit K, resulting in a positive test for buprenorphine (purple color)." (Doc. 18-2, p. 67).

Lt. Ki. Dugdale gave Robinson a copy of the Incident Report on April 24, 2019 (Doc. 18-2, p. 68).

All incident reports are reviewed by a Unit Discipline Committee ("UDC"). 28 C.F.R. §541.7. The UDC has several options when reviewing an incident report, including a referral of the report to the Disciplinary Hearing Officer ("DHO") for further review, based on the seriousness of the prohibited act charged. *Id.* If the UDC refers the incident report to the DHO for further

review, the UDC will advise the inmate of his rights at the upcoming DHO hearing, as set forth in 28 C.F.R. §541.8.

On April 25, 2019, the Unit Discipline Committee ("UDC") provided Robinson with a Notice advising him that a hearing would be scheduled before a Disciplinary Hearing Officer ("DHO") and outlining his rights with respect to the hearing (Doc. 18-2, p. 77).  Robinson signed acknowledgement of the Notice (*Id.*).  He indicated that he did not wish to have a staff representative or call any witnesses at the hearing (Doc. 18-2, p. 79).

On May 9, 2019, the hearing was convened by DHO Michael Puckett, but postponed due to a discrepancy in the Incident Report as to whether Serio tested paper or a sticker for drugs.  After a request for clarification by DHO Puckett, Serio submitted an electronic statement stating that he tested "white paper" (Doc. 18-2, p. 83).

The hearing was reconvened on May 24, 2019, (Doc. 18-2, pp. 81-84).  Robinson raised several objections and arguments during the hearing:

- That the item was not a sticker;
- That he wanted lab results;
- That the NIK tests cannot be used to initiate disciplinary proceedings;
- That a second investigative report was improperly written after the first one; and,
- That the paper was exposed to cleaning supplies that could have resulted in incorrect test results (Doc. 18-2, pp. 81-88).

DHO Puckett considered and rejected Robinson's arguments in his report:

- The item was clearly a piece of paper as is reflected in Sellers' memorandum, Serio's photographs, and Serio's amended incident report;
- The staff conducted the NIK tests following proper procedures so that lab tests were not necessary;
- The staff are authorized and trained to conduct NIK test kits for suspected drugs and followed standard operating procedures by testing the suspected drugs;
- The DHO can return an incident report to staff for reinvestigation; and,
- No evidence was presented that the cleaning supplies could have affected testing (*Id.*).

He ultimately found Robinson guilty as charged and sanctioned him to 41 days of lost good time credit (*Id.*).

Robinson filed a Regional Administrative Remedy Appeal, which was denied (Doc. 1, pp. 12-15). He then filed a Central Office Administrative Remedy Appeal raising only one issue: that the NIK test must be confirmed by an approved analytical laboratory test (Doc. 1, pp. 16-17). The Central Appeal was also denied (Doc. 1, p. 18).

## Discussion

Robinson argues for *habeas* relief pursuant to 28 U.S.C. §2241. He contends that the NIK test is presumptive and does not satisfy the "some evidence" standard used by the DHO, and that the BOP failed to follow the manufacturer test requirement that all test results be confirmed by analytical laboratory testing (Doc. 1).

BOP inmates can challenge the loss of good conduct credit through a petition for *habeas* relief pursuant to 28 U.S.C. §2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). While inmates retain due process rights in connection with prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, the following due process requirements apply to such proceedings: (1) receipt of written notice of the charges in advance of the hearing; (2) an opportunity to be heard before an impartial decision maker; (3) the right to call witnesses and present evidence where the same will not be unduly hazardous to safety or correctional goals; and, (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff*, 418 U.S. at 564-66; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The findings of the disciplinary hearing officer must be supported by "some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see also Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). The Court does not reweigh the evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Nor does the Court "assess the comparative weight of evidence underlying the disciplinary board's decision. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The "relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id.* (*quoting Hill*, 472 U.S. at 455-56 (emphasis in original)). As such, the Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077.

Field testing or identification may satisfy the "some evidence" standard in the prison disciplinary context. *See Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016) (a guard's lay identification of a substance might be sufficient in a prison-discipline context depending on the guard's training and experience). And Robinson does not identify specific reliability or execution problems with the NIK tests performed by Serio. He simply contends that the tests were only presumptive and necessitated analytical laboratory results. However, as DHO Puckett noted, the staff, including Serio, are authorized and trained to conduct NIK testing for suspected drugs, and in this case, followed standard operating procedures. *See* BOP PS 6060.08, Urine Surveillance and Narcotic Identification. Given that there was "some evidence" supporting the DHO's findings, Robinson had no due process right to additional testing beyond the NIK tests.

**Conclusion**

For the foregoing reasons, Robinson's Petition for *Habeas* Relief under 28 U.S.C. §2241 (Doc. 1) is **DENIED**. This case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to enter judgment accordingly and to close the case.

If Robinson wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Robinson does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED:  November 29, 2022

*[signature]*

**STACI M. YANDLE**
**United States District Judge**